Mr. Justice Walker delivered the opinion of the Court. This suit was instituted to perfect title to certain lots of land purchased at sheriff’s sale as the property of Calloway, to which Johnston & Moore claimed title, as well as an equitable lien on the lots for the purchase money, which they contended had not been paid: and to part of which lots the other defendants claimed title as subsequent innocent purchasers without notice. The court below decreed against the claim of Johnston and Moore and in favor of the complainant for such of the lots as were not held by subsequent purchasers, and in favor of such subsequent purchasers for the lots so held by them. To so much of the decree as affirmed the title of the subsequent purchasers the complainant excepted: and the question to be determined arises upon a contest of the title between the complainants and these defendants. So far as the rights of Johntson and Moore are concerned, we think the decision of the court below correct. The evidence was certainty sufñcgnt, not only to prove that a deed was executed by them to Galloway, but that by executing the deed with a knowledge that it was for the purpose of confirming a complete legal title in Calloway that the lots might be levied on and sold, and asserting that the purchase money, had been paid, they waived all lien on the lots for the purchase money, whether in truth it had been paid or not. It is true that with regard to his declaration that the money had been paid, the answer is a flat contradiction of the allegation to that affect in the bill, but, the proof upon this point by one witness is equality as positive in support of the bill, which when taken in connexion with the fact that he executed the deed with a knowledge that the lots were to be levied on, is in our opinion sufficient to sustain the allegation, the answer to the contrary notwithstanding. The deed from Johnston and Moore to Calloway was not recorded, and Lowell and the other defendants who claim as innocent purchasers, bought of. Johnston and Moore after the sale made by the sheriff to the complainant. In order to recover as an innocent purchaser without notice of the older legal title, the defendant should positively allege such title to exist and refer to and exhibit it with his answer. For where a deed or other instrument of writing is necessary to establish any right and the bill enquires for the evidences of such right, the answer, unsupported and unaccompanied by such deed or writing, would be no evidence, although it should correctly respond to the bill: because the answer is only in the nature of parol evidence, and in such case evidence of a higher grade is required by law. 5 Har. & John. 381. Hagstrop et. al. v. Hooks, 1 Gill & John. 280. And not only is it necessary to set forth the subsequent title relied upon, but the answer must positively deny all notice whatever, and that not alone before the contract of purchase, but before the payment of the purchase money and the execution of the deed also; because if he should have notice of prior legal title at any time before he has fully completed his purchase, it becomes his duty to disist. The contract is still execu-tory and if he persist in executing it, he forfeits his claim as an innocent purchaser. McDonald v. Fowler et. al., and Whiting & Slark v. Beebe et. al., are recent decisions of this court where this point was fully discussed and settled. The answerers in this case fall so far short of a compliance with the requisites of the law, that it is scarcely necessary to do more than remark that these defendants have exhibited no title whatever: indeed they have not even set up in their answerers that they hold title by deed. They do not positively deny notice of the prior legal title of the complainant. They say that “they had no notice of any better claim than their vendor’s.” Nor do they say that they paid any consideration whatever before such notice. Indeed it is difficult to conceive a more vague and unsatisfactory answer touching any one of the essential requisites to unable them to interpose such defence, than is found in the case before us. The circuit court clearly erred in decreeing in their favor .upon the state of facts presented. And for this error, the decree must be reversed and set aside, and a decree rendered in accordance with the prayer of the complainant’s bill; and for costs against the defendants, as well for the costs in the court below as in this court expended. Let a decree be entered in this court accordingly.